# United States District Court

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION | SUMMONS IN CIVIL CASE |
| v. | CASE NUMBER: |
| ISAAC L. BROCKINGTON, individually; KUMIKI GIBSON, individually and in the capacity as Commissioner of the New York State Division of Human Rights; MARGARET GORMLEY-KING, individually and in her capacity as Regional Director of the New York State Division of Human Rights; CAROLINE DOWNEY, Acting General Counsel of the New York State Division of Human Rights, and the NEW YORK STATE DIVISION OF HUMAN RIGHTS, | 07 CV 4775<br><br>Judge Pauley |

To:

Isaac L. Brockington
4 Middle Bush Road
Wappinger Falls, New York 12590

Kumiki Gibson
Commissioner of the New York State Division
of Human Rights
One Fordham Plaza, 4th Floor
Bronx, New York 10458

Margaret Gormley-King
Regional Director of the New York State
Division of Human Rights
8 John Walsh Blvd., Suite 204
Peekskill, New York 10566

Caroline Downey
Acting General Counsel of the New York State
Division of Human Rights
One Fordham Plaza, 4th Floor
Bronx, New York 10458

New York State Division of Human Rights
One Fordham Plaza, 4th Floor
Bronx, New York 10458

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

NEWMAN FITCH ALTHEIM MYERS, P.C.
14 Wall Street – 22nd Floor
New York, New York 1005
(212)619-4350

an answer to the complaint is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service

**J. MICHAEL McMAHON**                              JUN 0 5 2007
Clerk                                                    Date

_____
(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ISAAC L. BROCKINGTON, individually; )<br>KUMIKI GIBSON, individually and in the )<br>capacity as Commissioner of the New York )<br>State Division of Human Rights; MARGARET )<br>GORMLEY-KING, individually and in her )<br>capacity as Regional Director of the New York )<br>State Division of Human Rights; CAROLINE )<br>DOWNEY, Acting General Counsel of )<br>the New York State Division of Human Rights, )<br>and the NEW YORK STATE DIVISION OF )<br>HUMAN RIGHTS, )<br>)<br>Defendants. ) | No. 07 CV 4775 |

---

### COMPLAINT FOR DECLARATORY JUDGMENT
### AND INJUNCTIVE RELIEF

---

1. Plaintiff Federal Express Corporation ("Plaintiff" or "Federal Express"), as Administrator of the Federal Express Corporation Long Term Disability Plan ("LTD Plan") brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., and 28 U.S.C. § 2201, against Defendants Isaac L. Brockington, the New York State Division of Human Rights, Kumiki Gibson, Commissioner of the New York State Division of Human rights, and Margaret Gormley-King, Regional Director of the New York State Division of Human Rights, and Caroline Downey, Acting General Counsel of the New York State Division of Human Rights, for

the purpose of determining a question of actual controversy between the parties, as more fully appears below.

2. This is also a proceeding for a preliminary and permanent injunction to enjoin Defendants from enforcing against Plaintiff certain laws of the State of New York in a manner that conflicts with the constitution and laws of the United States, as more fully appears below.

## PARTIES

3. Plaintiff, Federal Express, is the Plan Administrator and fiduciary of the LTD Plan, and therefore, is authorized to bring this action pursuant to 29 U.S.C. § 1132(a)(3). Federal Express is a corporation organized and existing under the laws of the state of Delaware, and having its principal place of business in Memphis, Tennessee.

4. Based upon information and belief, Defendant, Isaac L. Brockington ("Brockington"), a former Federal Express employee, is a resident of the state of New York.

5. Defendant, New York State Division of Human Rights ("NYSDHR"), is an administrative agency of the Executive Department of the State of New York, existing under and created by an act of the State of New York entitled "Human Rights Law," New York Executive Law §§ 290 *et seq.*, and is specifically charged with the administration and enforcement of said act.

6. Defendant, Kumiki Gibson ("Gibson" or "Commissioner"), is the duly appointed Commissioner of NYSDHR and is specifically granted the authority, individually or through duly authorized officers or employees, to prosecute or hear complaints regarding alleged violations of the Human Rights Law.

7. Defendant, Margaret Gormley-King ("Gormley-King" or "Director"), is the duly appointed Regional Director for the Peekskill office of the NYSDHR, an officer or employee of NYSDHR and is duly authorized to hear or prosecute complaints regarding alleged violations of the Human Rights Law.

8. Defendant Caroline Downey ("Downey") is the duly appointed Acting General Counsel of the NYSDHR.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 1331, and 29 U.S.C. § 1132(e)(1), as this is an action to enforce the terms of the LTD Plan, pursuant to 29 U.S.C. § 1132(a)(3).

10. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2), as the LTD Plan is administered in this District.

## FACTUAL ALLEGATIONS

11. The LTD Plan is an employee welfare benefit plan pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

12. The Plan was established and is maintained by Federal Express to provide for the funding and payment of long-term disability benefits for its employees. (Exhibit A at AR00399 (LTD Plan at "Introductory Statement", Exhibit A at AR00399).

13. Federal Express is the Administrator of the LTD Plan, and is charged with the administration of the Plan, acting through its Employee Benefits Department. (LTD Plan §§ 1.1(a), (g), Exhibit A at AR00400, AR00402).

14. During the relevant time period for Plaintiff's claim, Kemper National Services, Inc. ("Kemper"), now doing business as Broadspire Services, Inc.

("Broadspire"), was the Claims Paying Administrator for the LTD Plan. (LTD Plan § 1.1(e), Exhibit A at AR00401).

15. A Federal Express employee covered by the Plan as a "Covered Employee" is eligible to receive long-term disability benefits from the Plan if he or she becomes "Disabled" as that term is defined by the Plan. (LTD Plan § 3.1, Exhibit A at AR00417). The Plan provides a monthly Disability Benefit equal to 60% of a Covered Employee's monthly income. (LTD Plan § 3.2(a), Exhibit A at AR00417).

16. The LTD Plan defines Disabled as:

<u>Disability or Disabled</u> shall mean either an Occupational Disability or a Total Disability; provided, however, that a Covered Employee shall not be deemed to be Disabled or under a Disability unless he is, during the entire period of Disability, under the direct care and treatment of a Practitioner and such **Disability is substantiated by <u>significant objective findings</u> which are defined as signs which are noted on a test or medical exam and which are considered significant anatomical, physiological or psychological abnormalities which can be observed apart from the individual's symptoms.**

(LTD Plan § 1.1(k), Exhibit A at AR00403) (emphasis added).

17. The LTD Plans Summary Plan Description ("SPD") states:

**Significant Objective Findings (Proof of Disability)**

Significant objective findings of a disability are necessary to substantiate the period of time your health care professional indicates you are disabled. Significant objective findings are those that can be observed by your health care professional through objective means, not just from your description of the symptoms. Objective findings include:

- Medical examination findings
- Test results
- X-ray results
- Observation of anatomical, physiological or psychological abnormalities

**Pain, without significant objective findings, is not proof of disability.**

4

(Exhibit B at AR00392 (SPD at 120)).

18. The LTD Plan provides long term disability benefits equal to 60% of a Covered Employee's monthly income for up to two years if the Covered Employee suffers from an Occupational Disability. (LTD Plan §§ 3.2(a), 3.3(c)(3), Exhibit A at AR00417, AR00420).

19. The LTD Plan defines Occupational Disability, in relevant part, as:

> Occupational Disability shall mean the inability of a Covered Employee, because of a medically-determinable physical impairment or Mental Impairment (other than an impairment caused by a Chemical Dependency), to perform the duties of his regular occupation.

(LTD Plan, § 1.1(u), Exhibit A at AR00407-408).

20. To receive long term disability benefits from the Plan for longer than two years, a Disabled Covered Employee must be Totally Disabled, i.e., must not be able to engage in any compensable employment for twenty-five hours per week. (LTD Plan §§ 1.1(gg), 3.3(c)(3)(i), (See Exhibit A at AR00412, AR00420).

21. The LTD Plan defines Total Disability as:

> Total Disability shall mean the complete inability of a Covered Employee, because of a medically-determinable physical impairment (other than an impairment caused by a mental or nervous condition or a Chemical Dependency), to engage in any compensable employment for twenty-five hours per week for which he is reasonably qualified (or could reasonably become qualified) on the basis of his ability, education, training or experience.

(LTD Plan § 1.1(gg), Exhibit A at AR00412).

22. The LTD Plan grants discretionary authority to the Federal Express Benefit Review Committee:

> Authority of Committee. The committee, appointed pursuant to Subsection (c), shall be empowered to interpret the Plan's provisions in

5

accordance with its terms with respect to all matters properly brought before it pursuant to this Section 5.3, including, but not limited to, matters relating to the eligibility of a claimant for benefits under the Plan. The determination of the committee shall be made in a fair and consistent manner in accordance with the plan's terms and its decision shall be final, subject only to a determination by a court of competent jurisdiction that the committee's decision was arbitrary and capricious.

(LTD Plan § 5.3(d), Exhibit A at AR00450).

23. On December 17, 2003 Defendant Brockington filed a dual charge of discrimination with the NYSDHR, Case No. 1255504, alleging that on December 10, 1998 he was involved in a serious accident resulting in an injury that left him totally disabled. He further alleged that Plaintiff terminated him because of his disability in violation of Section 296 of the New York State Human Rights Law and the Americans With Disabilities Act. (Exhibit C).

24. The NYSDHR issued a Determination After Investigation on February 16, 2006 that states it has jurisdiction over this matter and that there is probable cause to believe that Federal Express had violated the Human Rights Law of the State of New York. (Exhibit D). However, in the accompanying Final Investigation Report and Basis of Determination dated November 8, 2005 Defendant Brockington's position is that the Social Security Administration had found him to be totally disabled and had awarded him benefits; that Plaintiff paid occupational disability benefits for 24 months under its Long Term Disability Plan; that Plaintiff found him capable of working twenty five hours a week; that Defendant Brockington noted that he was not capable of working because he was medically documented to be totally disabled from all occupations; and that Plaintiff failed to find him totally disabled in an effort to deprive him of his LTD benefits. (Exhibit E).

25. The NYSDHR investigator observed that there were conflicting statements in the record; that Defendant Brockington had been found to be totally disabled from all occupations by the Social Security Administration but Plaintiff's LTD Plan Administrator did not find Plaintiff to be totally disabled from all occupations.

26. The Defendant Regional Director found Probable Cause to support the allegations of the complaint since Defendant Brockington was totally disabled from all occupations as awarded by the Social Security Administration; that Plaintiff did not find the Defendant Brockington to be totally disabled from all occupations and precluded him from LTD Benefits; and Defendant Brockington was terminated from Plaintiff's employment because he could not return to work based on his disability. The Regional Director improperly relied on the Social Security Administration award, since under ERISA practice and procedure the award is not dispositive or binding on Plaintiff in the decision to deny LTD benefits for total disability.

27. During its investigation, the NYSDHR did not find that Plaintiff discriminated against Defendant Brockington in violation of the Americans With Disabilities Act or the New York State Human Rights Law. The NYSDHR has not stated as a basis for its probable cause determination that Plaintiff discriminated against Defendant Brockington in violation of the Americans With Disabilities Act or the New York State Human Rights Law. The only stated basis for the probable cause finding is that Plaintiff denied Defendant Brockington his LTD benefits for total disability, and this finding is entirely preempted by ERISA. The NYSDH has failed and refused to issue a probable cause finding based on any claims that are not preempted by ERISA.

28.  Plaintiff has repeatedly advised and notified the NYSDHR that Plaintiff's claim for denial of LTD benefits is preempted by ERISA. Despite these notifications, the NYSDHR issued a recommendation that pursuant to the Human Rights Law of the State of New York, this matter be set for public hearing before an Administrative Law Judge.

29.  By means of this administrative case and by other means, Defendants are seeking to compel Plaintiff to violate and to disregard the terms and conditions of its own LTD Plan, to adopt the terms and conditions of the Social Security Administration and the Division, and to otherwise impose terms, conditions, interpretations, regulations and requirements that exceed Plaintiff's obligations and violate Plaintiff's rights and protections under ERISA law and procedure.

## COUNT I:

### DECLARATORY RELIEF ON GROUNDS THAT DEFENDANTS' ATTEMPTED REGULATION OF PLAINTIFF'S LTD PLAN IS PREEMPTED BY "ERISA"

30.  Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 as if fully restated herein.

31.  Plaintiff, as an employer subject to the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* ("RLA"), is a covered employer under sections 3(11), 3(12), and 4 of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and therefore, Plaintiff's employee benefit plans are governed by ERISA. Id. § 1002(1).

32.  Section 514(a) of ERISA, known as the "pre-emption clause," provides that ERISA "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is covered by ERISA. 29 U.S.C. § 1144(a).

8

33. Plaintiff's long-term disability plan is covered by ERISA. Plaintiff has filed the LTD Plan with the United States Department of Labor as an ERISA plan.

34. Defendants' attempts to force Plaintiff to disregard and to violate the terms and conditions of its LTD Plan clearly "relates to" Plaintiff's LTD Plan.

35. Defendants' administrative and/or judicial decisions, and threatened or actual administrative actions against Plaintiff, as set forth in paragraphs 22 through 29, which conclude that the NYSDHR has jurisdiction over this matter and that the denial of long-term disability benefits from the LTD Plan is unlawful under New York State Law, are superceded and preempted by ERISA and the Supremacy Clause (Article VI, Clause 2) of the United States Constitution.

36. The actions of Defendants will cause Plaintiff, under color of New York Law, to be subjected to the deprivation of rights secured by the Constitution of the United States, including the Supremacy Clause (Article VI, Clause 2), and by Acts of Congress providing for the equal rights of citizens or of persons within the jurisdiction of the United States. This deprivation is illegal under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests that the Court enter a declaratory judgment, pursuant to the federal law governing the LTD Plan, ERISA (including ERISA federal common law), and the LTD Plan, declaring the rights, obligations, and legal relations of the parties regarding Isaac L. Brockington's claim for long-term disability benefits from the LTD Plan, as follows:

(a) that Plaintiff's employee benefit plan is currently consistent with and governed by ERISA;

(b) that the State of New York and the NYSDHR lack jurisdiction to enforce laws or regulations governing Plaintiff's benefit plan because of § 514 of ERISA;

(c) that the laws, rules, regulations and guidelines of the State of New York and the Defendants attempting to regulate Plaintiff's LTD Plan are unlawful and void under the Supremacy Clause (Article VI, Clause 2) of the United States Constitution and superseded and preempted by ERISA;

(d) that Defendants' attempt under color of state law to regulate Plaintiff's LTD Plan in a manner contrary to federal law and the Supremacy Clause violates Plaintiff's rights under 42 U.S.C. § 1983;

(e) that other than the preempted issue relating to Defendant Brockington's LTD Plan benefits, there are no remaining issues to be heard or adjudicated before the NYSDHR;

(f) that Plaintiff is entitled to reasonable attorney fees under the Civil Rights Attorneys' Fees Awards Act of 1976, P.L. 94-559, and under other applicable law; and

(g) that Plaintiff be allowed its costs herein, including such other and further relief as the Court deems appropriate.

## COUNT II

### INJUNCTIVE RELIEF ON GROUNDS THAT DEFENDANTS' ATTEMPT TO SUBJECT PLAINTIFF'S DENIAL OF DEFENDANT BROCKINGTON'S LONG TERM DISABILITY BENEFITS TO STATE LAW AND REGULATION IS VOID AND PREEMPTED BY FEDERAL LAW

37. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 36 as if fully restated herein.

38. If Defendants are permitted to continue the activities specified in this Complaint, Plaintiff will suffer irreparable and immediate harm for which Plaintiff is without a plain, adequate, or speedy remedy at law. Plaintiff has no effective remedies under state law and this suit for declaratory and injunctive relief is Plaintiff's only means for securing relief.

WHEREFORE, the Plaintiff respectfully prays that this Court:

(a) grant a preliminary and permanent injunction, enjoining Defendants, their agents, successors and employees from compelling or attempting to compel, or in any way causing Plaintiff to disregard, abandon, and violate its current welfare benefit plans including the LTD Plan;

(b) grant a preliminary and permanent injunction, enjoining Defendants, their agents, successors and employees from prosecuting Plaintiff in any administrative or judicial cases, including NYSDHR Case No. 1255504 because of Plaintiff's employee welfare benefit plans including the LTD Benefit Plans;

(c) grant a preliminary and permanent injunction enjoining Defendants, their agents, successors and employees from taking any action before any state administrative agency or court to obtain payment from the LTD Plan;

(d) rule that Plaintiff is entitled to reasonable attorney's fees under the Civil Rights Attorneys' Fees Awards Act of 1976, P.L. 94-559, and under other applicable law; and

(e) allow Plaintiff its costs herein, including such other and further relief as the Court deems appropriate.

Dated: New York, New York
       June 5, 2007

Respectfully submitted,

_____
Ian F. Harris
Newman Fitch Altheim Myers, P.C.
Attorneys for Plaintiff
14 Wall Street
New York, New York 10005
(212) 619-4350
(212) 619-3622 (fax)

Colby S. Morgan
Federal Express Corporation
3620 Hacks Cross Road, B-3
Memphis, Tennessee 38125-8800
(901) 434-8545
(901) 434-9271 (fax)

601386