# EXHIBIT C

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004

FedEx
Mark Nausebaum, Sr Manager
669 South 3rd Avenue
Mt Vernon, NY 10550

PERSON FILING CHARGE:
    Isaac L. Brockington
THIS PERSON (Check One):
    Claims to be aggrieved [X]
    Is filing on behalf of other person(s) [ ]
DATE OF ALLEGED VIOLATION:
    06/25/03
PLACE OF ALLEGED VIOLATION:
    Westchester
EEOC CHARGE NUMBER:
    16GA405110
FEPA CHARGE NUMBER (If Known):
    3-S-D-03-1255504-D

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[ ] Title VII of the Civil Rights Act of 1964
[ ] The Age Discrimination in Employment Act of 1967 (ADEA)
[X] The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____ (FEP Agency)

[X] The ___N.Y.S.D.H.R___ and sent to the EEOC for dual filing purposes.
        (FEP Agency)

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X] As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ] An Equal Pay Act Investigation (29 U.S.C 206(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

[X] Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION:   [ ] RACE,   [ ] COLOR,   [ ] SEX,   [X] DISABILITY,
                            [ ] RETALIATION,   [ ] AGE,   [ ] RELIGION,   [ ] NATIONAL ORIGIN

CIRCUMSTANCES OF ALLEGED VIOLATION:

    SEE ATTACHED N.Y.S.D.H.R. COMPLAINT

TYPED NAME OF AUTHORIZED EEOC OFFICIAL

DATE: 12/17/03                                  Spencer H. Lewis, Jr.


RESPONDENT COPY
cc: EEOC, FCU

Form: 131A - ADA

Attachments: Respondent - Complaint, 213, 131A, SDHR: 131 6/92
             Complainant - Notice

STATE OF NEW YORK: EXECUTIVE DEPARTMENT
STATE DIVISION OF HUMAN RIGHTS

EXEC. LAW ART. 15
SDHR NO:
3-E-D-03-1255504-D

```
+-------------------------------------------------+
| (State Division of Human Rights on the Complaint of) |
|                                                 |
| Isaac L. Brockington              COMPLAINANT   |
|                                                 |
|           - against -                           |
|                                                 |
| FedEx                             RESPONDENT    |
+-------------------------------------------------+
```

ADA:  Federal Charge No: 16GA405110

I, Isaac L. Brockington, residing at 4 Middle Bush Road, Wappinger Falls, NY 12590, Tel. No. (845) 297-6806, (914) - charge the above-named respondent whose address is 669 South 3rd Avenue Mt Vernon, NY 10550 Tel. No. (914) 664-1704 with an unlawful discriminatory practice relating to Employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of Disability.

Date most recent or continuing discrimination took place 06/25/03.

The particulars are:

1. I have a disability (crushed vertebrae, back injury), which is considered a disability under the Human Rights Law.

2. I was hired as a driver/courier for Respondent on June 13, 1989. My performance was satisfactory.

3. On December 10, 1998, I was involved in a serious accident where I was crushed between a truck and a steel conveyor belt. As a result of this injury, which has left me totally disabled to this day, Respondent has been attempting to avoid its obligations in violation of its own policies and to wrongfully terminate me because of my injury.

4. In June, 2001 Respondent terminated me after I had been out under Respondent's Total Disability from All Occupation (TDAO) policy. An employee is entitled to stay on TDAO while he is disabled. I established that I was still disabled and required more surgeries. Respondent reinstated me and authorized another spinal fusion. Respondent has been attempting for several years to end my TDAO prematurely and I have been repeatedly forced to appeal its decisions and my terminations. My last termination was on June 25, 2003.

Complaint: ADA (INT.9) (1 of 2)
/wpp
12/17/03

SDHR NO: 3-E-D-03-1255504-D        FEDERAL CHARGE NO: 16GA405110

5. Respondent terminated me again on September 17, 2002. I was again reinstated and given a 90 day Leave of Absence on March 6, 2003 to find a suitable position for which I met the minimum requirements. However, I was still totally disabled and have since undergone further medical treatment for my injuries. After the 90 period passed, I was terminated again. My final appeal was denied by Respondent on June 25, 2003 despite the fact that my medical records indicate that I am still totally disabled.

6. Respondent has been attempting to improperly discharge me. It reinstated me twice because its actions were premature and wrong. Also, Respondent's actions are not always consistent with what it states its policies are. It should be noted that on my first discharge I was informed that termination is automatic when TDAO ends, yet later after my second wrongful discharge, Respondent provided 90 days purportedly so that I could find a "suitable position" with the company. I believe that this was done so that they would appear that they are accommodating me while they had every intention to see that I was finally terminated while they were fully aware that I am still disabled.

7. Based on the foregoing, I charge the above named Respondent with an unlawful discriminatory practice relating to employment by denying me equal terms, conditions and privileges of employment and terminating me because of my disability in violation of the New York State Human rights law Section 296.

Complaint: ADA (INT.9) (Supplemental)
/wpp
12/17/03

SDHR NO: 3-E-D-03-1255504-D          FEDERAL CHARGE NO: 16GA405110

" I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice."

I also charge the above-named respondent with violating the Americans with Disabilities Act (covers disability relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to the statutory limitations contained in the Americans with Disabilities Act.

*(Signature of Complainant)*

STATE OF NEW YORK      ) §:
COUNTY OF Westchester  )

Isaac L. Brockington, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

*(Signature of Complainant)*

Subscribed and sworn to before me
this 17th day of December, 2003

*(Signature of Notary Public)*

William P. Ploski
Notary Public, State of New York
No. 02PI6017094
Qualified in Westchester County
Term Expires December 7, 20 26

Complaint: ADA (INT.9) (2 of 2)
/wpp
12/17/03

# EXHIBIT D

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

---

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

ISAAC L. BROCKINGTON

                Complainant

v.

FEDEX EXPRESS CORP.

                Respondent

---

DETERMINATION AFTER INVESTIGATION

Case No. 1255504

Federal Charge No. 16GA405110

On 12/17/2003, Isaac L. Brockington filed a verified complaint with the State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of disability in violation of the Human Rights Law of the State of New York.

After investigation, the Division has determined that it has jurisdiction in this matter and that there is <u>PROBABLE CAUSE</u> to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.

Pursuant to the Human Rights Law, this matter is recommended for public hearing. Parties will be advised of further proceedings.

Dated: 2/16/06
Peekskill, New York

                        STATE DIVISION OF HUMAN RIGHTS

            By: _____
                    Margaret G. King
                    Regional Director

# EXHIBIT
# E

STATE OF NEW YORK
EXECUTIVE DEPARTMENT
DIVISION OF HUMAN RIGHTS

INTER-OFFICE MEMORANDUM

TO:   Files                                    REGION: Peekskill

FROM: Margaret G. King                         DATE: November 8, 2005
      Regional Director

SDHR CASE NO: 1255504-03-E-D-E

Federal Charge No. 16GA405110

SUBJECT:   Isaac L. Brockington v. FedEx Express Corp.

**FINAL INVESTIGATION REPORT AND BASIS OF DETERMINATION**

I.   CASE SUMMARY

   This is a verified complaint, filed by complainant, Isaac L. Brockington, on 12/17/2003. The complainant who has a disability (crushed vertebrae, back injury), charges the respondent with unlawful discriminatory practices in relation to employment because of his disability.

II.  SUMMARY OF INVESTIGATION

Complainant's Position:

The complainant was employed by the respondent on June 13, 1989 as a Driver/Courier. On December 10, 1998, complainant was crushed between a truck and a conveyor belt while working.

The complainant has noted that since December 10, 1998 and up until the present he is under physician and therapist care. The complainant noted that in December 2002 the Social Security Administration has found that he is totally disabled and awarded him benefits.

The complainant noted that respondent has a Long Term Disability Plan that he was/is eligible for because he is disabled from all occupations.

Page 1 of 3

Final Investigation Report and Basis of Determination
SDHR Case No. 1255504
Isaac L. Brockington v. Fedex Express Corp.

The complainant noted that respondent agreed that he is disabled from his driver's position and paid him benefits of 24 months based on his occupational disability. The complainant noted that respondent deemed him to be capable of working twenty-five (25) hours a week in January, 2003. The complainant noted that he was not capable of working because he was medically documented as being totally disabled from all occupations.

The complainant indicated that the respondent failed to find him totally disabled as his own doctor's have in an effort to deprive him of the benefit of their Long Term Disability Plan.

Respondent's Position:

The respondent agreed that the complainant was injured on the job in December 1998. The respondent agreed that the complainant was paid benefits for two years for an Occupational Disability. The respondent noted that the complainant was eligible for Total Disability if he was found not to able to engage in any compensable employment for twenty-five (25) hours per week.

The respondent noted that Kemper National Services (Claims paying Administrator for the plan) gathered medical information and evaluated the complainant's condition. The respondent indicated that the complainant was found not to be totally disabled from all occupations.

The respondent noted that the complainant was given 90 days to find a position within the company. The respondent noted that the complainant never secured a position and he was terminated on June 25, 2003.

Investigator's Observations:

There are conflicting medical statements in the record. The complainant has been found to be totally disabled from all occupations by the Social Security Administration but respondent's Long Term Disability Plan Administrator does not find the complainant to be totally disabled from all occupations.

Final Investigation Report and Basis of Determination
SDHR Case No. 1255504
Isaac L. Brockington v. Fedex Express Corp.

Submitted by: _____
Kevin T. Lynch
Human Rights Specialist I

### III. BASIS FOR DETERMINATION

The evidence gathered during the course of the investigation supports that the complainant is Totally Disabled from all Occupations as awarded by the Social Security Administration.

The record shows that the respondent did not find the complainant to be Totally Disabled from all Occupations and this precluded him from their Long Term Disability Benefits.

The complainant was terminated from the respondent's employment in June 2003 because he could not return to work based on his disability.

There are conflicting medical records in the case file that would best be addressed at a Public Hearing in front of an Administrative Law Judge.

Reviewed & Approved: _____
Grace E. Miranda
Human Rights Specialist II

### IV. DETERMINATION

Based on the foregoing, I find Probable Cause to support the allegations of the complaint.

_____
Margaret G. King
Regional Director

Page 3 of 3

Case No.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL EXPRESS CORPORATION,

                         Plaintiff,

v.

ISAAC L. BROCKINGTON, individually;
KUMIKI GIBSON, individually and in the
capacity as Commissioner of the New York
State Division of Human Rights; MARGARET
GORMLEY-KING, individually and in her
capacity as Regional Director of the New York
State Division of Human Rights; CAROLINE
DOWNEY, Acting General Counsel of
the New York State Division of Human Rights,
and the NEW YORK STATE DIVISION OF
HUMAN RIGHTS,

                         Defendants.

**SUMMONS & COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

NEWMAN FITCH ALTHEIM MYERS, P.C.
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
14 WALL STREET
NEW YORK, N.Y. 10005-2101
(212) 619-4350

To                                         Signature (Rule 130-1.1-a)

                                        Print name beneath

Attorney(s) for

Service of a copy of the within                               is hereby admitted.

Dated,

                                        Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order
settlement to the HON.                of which the within is a true copy will be presented for
of the within named court, at                            one of the judges
on                          at                    M

Dated,                                         Yours, etc.
                                        NEWMAN FITCH ALTHEIM MYERS, P.C.
                                        *Attorneys for*
To                                       *Office and Post Office Address*
                                        14 WALL STREET
Attorney(s) for                               NEW YORK, N.Y. 10005-2101