

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

(212) 416-8538

LESLIE LEACH
Deputy Attorney General
State Counsel Division

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

**By Hand**

August 6, 2007

Honorable William H. Pauley
United States District Judge
Southern District of New York
500 Pearl Street
Room 2210
New York, New York 10007

      Re: <u>Federal Express Corp. v. Brockington et al.</u>(07 CV 4775)(WHP)

Your Honor:

This Office is counsel for defendants Kumicki Gibson, Margaret Gormley-King, Caroline Downey, sued individually and in their capacities as officials in New York State's Division of Human Rights, and for the New York State Division of Human Rights (collectively, the "State defendants") in the above-referenced matter. This action seeks a declaration that a civil rights matter commenced administratively in the New York State Division of Human Rights by defendant Isaac L. Brockington against plaintiff Federal Express is preempted by the Employee Retirement Income Security Act ("ERISA"), and an injunction against those and other proceedings, including all further administrative and court proceedings against Federal Express based on these alleged violations of the New York Human Rights Law ("HRL").

We write on behalf of the State defendants, pursuant to the Court's individual rules, to request a pre-motion conference in order to file a motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

This matter should be dismissed for two distinct reasons. First, the actions of the State defendants in enforcing the HRL are in no way preempted by ERISA. Although ERISA preempts state laws that "relate to" a benefit plan, see ERISA § 514(a), 29 U.S.C. § 1144(a), it does <u>not</u> preempt actions taken under state law provisions designed specifically, to enforce state laws analogous to federal laws, such as the HRL   ERISA § 514 (d), 29 U.S.C. § 1144(d) (ERISA preemption provision may not be construed to "alter, amend, modify, impair or supercede" other federal laws, or "rules or regulations" issued thereunder); <u>Shaw v. Delta Airlines</u>, 463 U.S. 85, 108-09 (1983)(§ 514(d) saves HRL from preemption because HRL proscribes practices prohibited under federal civil rights law and acts as enforcement mechanism for those same prohibited practices); <u>Devlin v. Transportation Comm. Inter. Union</u>, 173 F.3d 94, 99 (2d Cir.1999)(same).

Hon. William J. Paulyt  -  August 3, 2007  -  Re: Fed Ex. v. Brockington  -  Page 2

Mr. Brockington alleges in his administrative petition that his spine was crushed in a severe work-related accident. He claims that he was terminated from his employment illegally because of this disability. Federal Express alleges, in this action, that New York's investigation and adjudication of this claim by Mr. Brockington, which sounds under both the HRL and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12112-12117, is preempted by ERISA. It seeks to enjoin the state administrative proceedings and to declare them preempted.

However, under § 514(d) and Shaw, the HRL is not preempted here. This is not an administrative proceeding that "relates" to an ERISA plan–rather it is a State investigation of allegations that the Mr. Brockington was terminated from his job because of his disability. Moreover, the actions taken by New York on behalf of Mr. Brockington under the HRL are designed to enforce the same rights protected by the ADA, and therefore are not preempted by ERISA. See Devlin, 173 F.3d at 99.

Moreover, a second independent basis exists to dismiss the complaint. Under Younger v. Harris, 401 U.S.37 (1971) ,a federal court should abstain from considering a matter currently pending in a state judicial or administrative proceeding if (1) there is a pending state proceeding (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial renew of his or her federal constitutional claims.

The present case readily meets all three of the requirements for Younger abstention. First, (1), state administrative civil rights proceedings, such as the HRL proceeding now going forward on behalf of Mr. Brockington, qualify as "pending proceedings" for the purposes of Younger. Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 627 (1986). Second, (2), enforcement of state anti-discrimination laws is an important state interest. Id. at 628. Third, (3), the preemption claims may be raised in either the administrative proceeding, or in any state court review of the determination in that proceeding. Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 79 (2d Cir. 2003) (even if administrative proceeding itself give no opportunity to raise an ERISA preemption defense, abstention is still mandatory so long as such defenses can be raised in state court petition for judicial review of administrative determination). New York courts have repeatedly entertained challenges to administrative determinations under the HRL based on theories of ERISA preemption. See., e.g., Brayley v. Doehler-Jarvis Castings Div. of NL Industries, Inc., 218 A.D.2d 393 (4th Dep't 1996).

The complaint in this matter therefore should be dismissed, and the State defendants respectfully request a pre-motion conference, as required by the Court's rules.

The State defendants' response to the complaint is currently due August 15, 2007. Accordingly, in the event the pre-motion conference cannot be scheduled, or the State defendants' request for permission to file their motion is not granted prior to that date, the State defendants request an extension of time to answer or otherwise respond to the complaint consistent with the Court's ability to consider this letter application and/or to hold a pre-motion conference, as it deems appropriate

Hon. William J. Paulyt  -  August 3, 2007  -  Re: <u>Fed Ex. v. Brockington</u>  -  Page 3

Thank you for your consideration of this matter..

                                        Respectfully submitted,

                                        /s/
                                        Elizabeth A. Forman
                                        Assistant Attorney General

Cc: plaintiff's counsel  (by fax)
    Mr. Isaac L. Brockington (by mail)

Hon. William J. Paulyt   -   August 3, 2007   -   Re: <u>Fed Ex. v. Brockington</u>   -   Page 4

120 Broadway, New York, N.Y. 10271-0332 ● Phone (212) 416-8610/8611 ● Fax (212) 416-6009/6075 (**Not For Service of Papers**)
http://www.oag.state.ny.us