Telephone 901.434.8600
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125



VIA ELECTRONIC FILING AND FACSIMILE TRANSMISSION

August 13, 2007

Honorable William H. Pauley
United States District Judge
Southern District of New York
500 Pearl Street
Room 2210
New York, New York 10007

    Re: <u>Federal Express Corp. v. Brockington, et al.</u> (07 CV 4775)(WHP)

As co-counsel for Plaintiff Federal Express Corporation, I request a pre-motion conference in order to file a motion for a temporary restraining order staying the administrative trial/hearing before the NYSDHR set September 17-18, 2007 in this ERISA proceeding. This letter also serves as a response to the August 6, 2007 letter by the State Defendants seeking a pre-motion conference to file a motion to dismiss.

These proceedings originated when Defendant Isaac Brockington applied for total disability benefits under the Federal Express Corporation Long Term Disability Plan. Brockington asserted that he was totally disabled (back injury) from any occupation . After his benefit claim was initially denied by Kemper, the claims paying administrator, Brockington submitted an appeal to the FedEx Benefit Review Committee ("BRC"). The BRC denied his appeal for total disability benefits. These proceedings were conducted in accordance with the LTD Plan, and the requirements of ERISA. Indeed ERISA requires that qualified plans such as this provide these procedures, and that plan participants such as Brockington exhaust their administrative remedies. Because he would not return to work, or seek any other positions within FedEx, he was subsequently terminated in accordance with company policy. Obviously, he was not terminated because of any disability, but as a result of his consistent position that he was totally disabled. Under ERISA, Brockington's only recourse was to pursue an action in this court to determine whether the BRC acted arbitrarily or capriciously. His right to file such an ERISA action is still available.

Instead, Brockington derailed the process by submitting a charge of discrimination to the NYSDHR claiming that the denial of these ERISA benefits and his termination was discriminatory. But the ERISA claim, not the NYSDHR claim, was the prior pending proceeding. Note that Brockington never filed an internal administrative EEO complaint that FedEx had discriminated against him in any way. Nor did Brockington name the LTD Plan as a party in his charge.

The NYSDHR is uniquely unqualified to decide ERISA disputes. This is underscored by the Determination After Investigation and the accompanying Final Investigation Report, out of which issued a probable cause finding that FedEx violated the Human Rights Law ("HRL") by <u>failing</u> to find Brockington totally disabled in an effort to deprive him of his LTD benefits. The

rationale for the probable cause finding was based on a purported Social Security Administration finding that Brockington was totally disabled. However, these issues are all pre-empted by ERISA as we will show. Indeed, under ERISA practice and procedure SSA findings are not dispositive as to whether the LTD Plan should have awarded total disability benefits.

While Brockington also tagged onto his charge a naked allegation that as a result of the above conduct he was terminated because of his disability in violation of HRL § 296, all proceedings to date show that this is a mere re-articulation of his ERISA claim. He never alleged any facts, nor has the NYSDHR found any facts in its investigation, that FedEx discriminated against Brockington because of his disability. Indeed, the NYSDHR has never formulated any alternative theory supporting a claim for disability discrimination under state law. Brockington even admits that FedEx reinstated him for the purpose of allowing him to find another job within the company; but he continued and still persists in saying he is totally disabled.

In an effort to defeat preemption, the State Defendants disingenuously state that Brockington claims he was terminated from his employment because of his disability. But they fail to give the court the entire picture: that by Brockington's own judicial admission he was ultimately terminated because he was found by Fedex <u>not</u> to be totally disabled and refused to apply for any other jobs. We know of no authority in New York jurisprudence that finds any employer liable for disability discrimination by deciding an employee was not disabled! Such a legal proposition would make no sense. The HRL itself only prohibits employers from discrimination based on age, race, creed, color, national origin, sex, sexual orientation, disability, genetic predisposition, or carrier status, or marital status. Nowhere does this litany encompass a finding of "no disability" by an employer. New York state law does not provide a remedy for a finding of no disability by an employer.

Nor is Brockington changing course to say that he is not disabled, or that he can engage in any occupation with or without an accommodation. That has never been raised at any time in the NYSDHR proceedings, and is certainly not a basis for its probable cause finding. Accordingly, the only meaningful interpretation of Brockington's hanging disability charge is that it is a reiteration of the ERISA claim. This is supported by numerous authorities holding that an individual claiming total disability is not a qualified individual with a disability. <u>Muller v. First UNUM Life Ins. Co.</u>, 90 F. Supp. 2d 204, 208 (N.D.N.Y. 2000); <u>Violette v. Int'l Bus. Machines Corp.</u>, 962 F. Supp. 446 (D. Vt. 1996) <u>affirmed</u> 116 F.3d 466 (2d Cir. 1997); see also <u>Pender v. N.Y. Office of Mental Retardation & Developmental Disabilities</u>, 2006 U.S. Dist. LEXIS 48751, *24-26 (E.D.N.Y. July 18, 2006). New York courts look to federal law in expounding the HRL. <u>Tyler v. Bethlehem Steel Corp.</u>, 958 F. 2d 1176 (2d. Cir. 1992). The HRL and Title VII analyses are parallel. See <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 565 (2d Cir. 2000). Federal standards apply to the HRL. See <u>Pazamickas v. New York State Office of Mental Retardation & Developmental Disabilities</u>, 963 F. Supp. 190, 194 (N.D.N.Y. 1997).

Counsel for the NYSDHR recently stated during an administrative status conference that they would not pursue any claim under ERISA, but he has failed to identify any other actionable set of facts. In essence he has said we will have to wait and see what happens at the hearing, and that he cannot be blamed for the drafting limitations of the investigation report. The ALJ at one point stated during another status conference that the investigation was concluded, and there would be no further investigation. Therefore, FedEx is placed in the extremely unfair position of going into a public hearing where it has only been placed on notice of a claim that is clearly preempted, and

2

has been stonewalled as to any other possible state claim. How can FedEx prepare for such a hearing? How can FedEx decide what proof to put on? It is impossible, and constitutes trial by ambush. FedEx has never been subjected to this kind of treatment in the New York state system or any other state for that matter. At a minimum, this is unusual and extraordinary in the extreme.

There simply is no claim other than alleged discrimination based on failing to pay LTD benefits. This claim clearly "relates to" an ERISA Plan and is pre-empted. Shaw v. Delta Airlines, 463 U.S. 85 (1983). ERISA "Section 502 completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." Aetna U.S. Healthcare v. Maltz, 1999 U.S. Dist. LEXIS 6708, *7-8 (S.N.D.Y. May 4, 1999). Complete preemption is recognized for ERISA. Drake v. Lab. Corp of Am. Holdings, 323 F.Supp. 2d 449, 453 (E.D.N.Y. 2004).

Younger abstention does not apply. The State of New York has no legitimate interest in deciding an issue that is purely governed by ERISA. Unlike Younger and the other cases cited by the State Defendants, there are no other pending state claims, e.g., pregnancy, age discrimination, sex discrimination, judicial conduct, etc. Moreover, the ERISA proceedings were commenced first, and the NYSDRH is interfering with those prior pending proceedings, not vice-versa. Younger is not a jurisdictional bar. Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d 2003).

Even if Younger were applicable, this Court may enjoin state proceedings when necessary to prevent great and immediate irreparable injury. Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 626 (1986). Under Younger and its progeny, this court may intervene in situations involving "bad faith, harassment or any other unusual circumstances that would call for equitable relief." Spargo, 351 F.3d 65, 75 n. 11. The circumstances at bar are extraordinarily unusual. To allow the NYSDHR to decide that Federal Express as Plan Administrator of the LTD Plan discriminated against Brockington by denying his total disability claim would not only rock and confuse the law regarding Fedex's legitimate administration of ERISA claims, it would shock all benefit plans and inject a large measure of inconsistency and uncertainty in ERISA jurisprudence — just what ERISA preemption is designed to prevent. For further guidance supporting the issuance of injunctive relief where a state agency attempts to interfere with an ERISA benefit plan see the recent case of Partners Healthcare System, Inc. v. Walter J. Sullivan, et al, 2007 U.S. Dist. LEXIS 56821 (D. Mass. July 31, 2007).

Plaintiff asks the Court to allow it to proceed with its motion for injunctive relief, and deny Defendants' request to file a motion to dismiss.

Very truly yours,<br>
FEDERAL EXPRESS CORPORATION<br>
<br>
*Colby S. Morgan*<br>
Colby S. Morgan, Jr.<br>
Senior Counsel<br>
(901) 434-8545<br>
Fax (901) 434-9278

Cc:   Elizabeth A. Forman, Esq.
      Isaac L. Brockington