

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

(212) 416-8538

LESLIE LEACH
Deputy Attorney General
State Counsel Division

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

***By Fax and ECF***

August 16, 2007

Honorable William H. Pauley
United States District Judge
Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007

       Re:    <u>Federal Express Corp. v. Brockington et al.</u>(07 CV 4775)(WHP)

Your Honor:

We write on behalf of the State defendants, pursuant to the Court's individual rules, in response to plaintiff's letter application dated August 13, 2007. Plaintiff seeks to file a motion for interim relief restraining the continuation of the New York State administrative proceeding under the New York HRL (codified at Executive Law § 290 et seq.) against Federal Express based on their firing of Isaac Brockington because he was disabled – his spine crushed in a work-related accident.

Plaintiff's letter request should be denied. In essence, Federal Express seeks to use the conceptual framework of ERISA preemption where it does not and cannot belong. It seeks to avoid any State administrative inquiry into the factual circumstances surrounding the firing of a longstanding Federal Express employee who had been severely injured on the job, and whether that man -- Mr. Brockington's– civil rights were violated by that firing. Plaintiff, however, has not set out the requirements for injunctive relief, never mind injunctive relief restraining a State-initiated civil rights proceeding.

A motion for preliminary relief that would prohibit a government from taking action in furtherance of the public interest pursuant to a statutory or regulatory scheme such as the HRL should not be granted unless the moving party demonstrates both a likelihood of success on the merits, and the likelihood of irreparable harm if an injunction is not granted. <u>Plaza Health Laboratories, Inc. v. Perales</u>, 878 F.2d 577, 580 (2d Cir.1989). Plaintiff has failed on both grounds.

To begin with, plaintiff has not identified any irreparable injury to it caused by the proceeding under the HRL. As of the present, the State defendants have done no more than schedule Mr. Brockington's claims for a public hearing, as required under HRL § 297 (4). Merely taking part in an administrative hearing on a claim of a violation of New York civil rights law does not amount to irreparable injury–and plaintiff cites no case so holding, or any case issuing interim or preliminary relief against a state administrative proceeding because of "irreparable injury." The single case cited by plaintiff in this regard, <u>Partners Healtcare System, Inc. v. Walter J. Sullivan</u>, 2007 U.S. Dist. LEXIS 56821

(D.Mass. July 31, 2007), does not address a motion for a preliminary injunction, or make any finding of irreparable injury. By contrast, the Second Circuit has unequivocally held that having to litigate an issue administratively is not "irreparable injury." Miss America Org. v. Mattel, Inc., 945 F.2d 536, 545 (2d Cir. 1991).

In addition, it is clear that plaintiff's vague claims of irreparable injury – of some unspecified disturbance to the administration of its plan, see Plaintiff's Letter dated August 13, 2007 ("Pl. Let.") at 3– are devoid of substance. The administrative proceeding will engage in a factual examination of whether Mr. Brockington's firing was based on a "disability," as that term is defined by the HRL (and analogously by the ADA). It does not turn on construction of the terms of Federal Express's ERISA plan, or the correct award or calculation of ERISA benefits. It centers on whether or not Mr. Brockington was "disabled" as that term is defined by the HRL, and whether Federal Express improperly fired him because of that disability, rather than providing a reasonable accommodation. See., e.g., New York City Transit Authority v. State Div. of Human Rights,78 N.Y.2d 207 (1991)(discussing reasonable accommodation to a disability under HRL in circumstances where a plaintiff claimed to be disabled, but was nonetheless forced to undertake her job responsibilities).

Plaintiff's request to file a motion for a preliminary injunction therefore should be denied, and the Court need not even reach the second element of the required test, likelihood of success on the merits, because plaintiff cannot show any injury – never mind irreparable injury – from the current scheduling of the State administrative hearing. Plaintiff has shown no need for interim or expedited relief.

If the Court determines to reach the merits of plaintiff's preemption claim, however, plaintiff's position in this regard is equally incorrect. Indeed, plaintiff concedes the critical point in the State's analysis. As set out in the State's initial pre-motion letter, and conceded by plaintiff, claims under the HRL are interpreted as analogous to those under the ADA. Pl. Let. at 2. Section 514(d) of ERISA saves such claims from preemption. Shaw v. Delta Airlines, 463 U.S. 85, 108-09 (1983). Plaintiff therefore cannot succeed on its claim that the HRL proceeding is preempted because plaintiff cannot show that Mr. Brockington will, under any circumstances, be unable to establish a claim in the public hearing. Rather, that is exactly what that hearing is for– to examine the factual basis of his claims to see if a valid cause of action has been established.

Moreover, to the extent plaintiff claims that no cause of action under the HRL or ADA can be established under any circumstances based on Mr. Brockington's allegations before the administrative agency, plaintiff is mistaken. Mr. Brockington's pleading, liberally construed, alleges that he was fired, and that Federal Express repeatedly attempted to fire him, because he was disabled, and that Federal Express offered him work he could not perform at that time as a subterfuge and excuse to fire him. Such a claim amounts to a claim that Federal Express fired Mr. Brockington, rather than offering him an appropriate accommodation, because of his disability, and is actionable under both the HRL and ADA. See Executive Law, § 296(3)(a). 292-21(e) ;., Humphrey v. Memorial Hospitals Ass'n 239 F.3d 1128, 1136 ( 9th Cir. 2001)(under ADA " a temporary inability to work may not be a bar to a disability claim"); Powers v. Polygram Holding, Inc., 40 F.Supp.2d 195, 199 (S.D.N.Y.1999) (rejecting defendant's argument that a seventeen-week leave of absence is so long as to render plaintiff legally unqualified for employment). See also 29 C.F.R. Pt. 1630 App. § 1630.15(c) (EEOC guideline stating that under the ADA "an employer ... in appropriate circumstances, may have to consider the provision of leave to an employee with a disability as a reasonable accommodation"); Ralph v. Lucent Technologies, Inc., 135 F.3d 166, 171-72 (1st Cir.1998)(""[t]he duty to provide reasonable accommodation is a continuing one ... and not exhausted by one effort"); New York City Transit

Authority, 78 N.Y.2d 207 (illegal discrimination found because because plaintiff had not received "reasonable accommodation" because employer had characterized her as able to work at a job that, given her condition, she could not).
.
Plaintiff also contends that no ADA or HRL claim may be stated by Mr. Brockington, and therefore the State proceeding is preempted because Federal Express fired Mr. Brockington because he was able to work at that time, but refused employment. Pl. Let. at 2. However, that Federal Express says its accommodation was reasonable does not make it so. Mr. Brockington's allegations are fact-specific inquiries that belong before the administrative agency as a finder of fact. They are not subject to any per se rule with regard to whether or not the accommodation offered him was reasonable at the time. Garcia-Ayala v. Lederle Parenterals, Inc. 212 F.3d 638, 646 -48 (1st Cir. 2000)(whether or not requested accommodation is reasonable cannot be subject to a per se rule based on company policy, but, rather, is fact-intensive inquiry). Plaintiff's raw assertions with regard to the reasonableness of its own conduct, a fortiori, cannot provide the basis here for a showing of "likelihood of success on the merits" because, at this juncture, the question of whether or not Mr. Brockington suffered from a disability under the HRL, and whether the accommodation offered him was reasonable, is a fact question. It is not a basis for preemption.

Finally, plaintiff also cannot show a likelihood of success on the merits because its claim here is obviously barred by the doctrine of abstention under Younger v. Harris, 401 U.S.37 (1971), as set out in the State's earlier letter submission at page 2. Plaintiff makes three assertions in response to this claim, none of which has merit. It argues, first, without any citation, that this is solely an ERISA matter, and therefore its claim cannot be subject to abstention. But, as set out above, plaintiff is incorrect– Mr. Brockington's allegations sound under the HRL and ADA.

Plaintiffs also claim some kind of "precedence" to its own determinations under ERISA. See Pl. Let at 3 ("the ERISA proceedings were commenced first and the [State] is interfering with those proceedings."). This is a red herring. The State does not contend that any ERISA proceedings which Mr. Brockington chooses to undertake must be abstained from; rather, it is only this lawsuit seeking preemption, which was filed years after the commencement of the HRL proceedings, and issues which will be addressed in the State administrative proceedings and any appeal, that should be dismissed.

Third, plaintiff claims that a state proceeding may be enjoined, even when Younger applies, when "great and immediate irreparable injury is threatened"– however, again, plaintiff does not identify that injury. Any consideration of the actual legal standards for the exception to ERISA abstention, which are "bad faith, harassment or other unusual circumstances," is more than enough to demonstrate that such factors are altogether absent here. See Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 197 (2d Cir.2002)(collecting cases elucidating "extraordinary" circumstances that warrant deviation from rule of abstention). Plaintiff has alleged nothing remotely equivalent to such circumstances.

Thank you for your consideration of this matter.

                                                Respectfully submitted,
                                                /s/

                                                Elizabeth A. Forman
                                                Assistant Attorney General

Cc: plaintiff's counsel  (by fax)
    Mr. Isaac L. Brockington (by mail)

120 Broadway, New York, N.Y. 10271-0332 ● Phone (212) 416-8610/8611 ● Fax (212) 416-6009/6075 (**Not For Service of Papers**)
http://www.oag.state.ny.us

120 Broadway, New York, N.Y. 10271-0332 ● Phone (212) 416-8610/8611 ● Fax (212) 416-6009/6075 (**Not For Service of Papers**)
http://www.oag.state.ny.us